```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
RICHARD J. LUCIANO,

                Plaintiff,                              REPORT & RECOMMENDATION
         -against-                                       19 CV 3180 (MKB)(LB)

MUSAB NASSAR,

                Defendant.
-----------------------------------------------------X
```
**BLOOM, United States Magistrate Judge:**

This case has been referred to me for all pretrial purposes. In light of *pro se* plaintiff's failure to comply with the Court's December 18, 2019 Order to provide a proper service address for defendant, it is respectfully recommended that plaintiff's action should be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

## BACKGROUND

On June 10, 2019, the Court granted plaintiff *in forma pauperis* status and directed the United States Marshals Service ("USMS") to serve defendant at the address provided by plaintiff, 118 East 28th Street, Suite 307, New York, NY 10016. ECF No. 4. On July 19, 2019, the USMS returned the summons for defendant Musab Nassar unexecuted with a notation that the "[b]usiness located at [the address provided by plaintiff] is not the same business that we have to serve. It is Jacobs Construction." ECF No. 9. The USMS attempted service on defendant a second time at the same address, and again returned the summons unexecuted with a notation that the "suite is empty, [defendant] moved out about 4 weeks ago." ECF No. 15.

On December 18, 2019, the Court ordered plaintiff to provide a proper service address for defendant by January 17, 2020. ECF No. 14. Plaintiff has not responded.

## DISCUSSION

"Although *pro se* litigants proceeding *in forma pauperis* . . . may enlist the help of the [USMS] to effect service under Rule 4, these litigants are, for obvious reasons, still responsible for providing the [USMS] with accurate information to enable proper service." Castro v. Cusack, No. 15 CV 6714 (ENV)(LB), 2019 WL 3385218, at *5 (E.D.N.Y. July 26, 2019) (citations omitted); see also Ruddock v. Reno, 104 Fed. Appx. 204, 206–07 (2d Cir. 2004) (summary order) (explaining that in order to serve defendant, a *pro se* litigant granted *in forma pauperis* status must provide the USMS "information necessary to identify the defendant.").[1]

Despite his *in forma pauperis* status, plaintiff's *pro se* case may be dismissed as he was given ample opportunity to serve defendants. Landy v. Irizarry, 884 F. Supp. 788, 793, 802 (S.D.N.Y. 1995) (dismissing defendant under Rule 4(m) as *pro se* litigant proceeding *in forma pauperis* failed to serve defendant "or to assist the [USMS] in effecting service, other than that he initially provided the [USMS] with information he thought was correct."); see also Redd v. Phillips, 348 Fed. Appx. 606, 607 (2d Cir. 2009) (summary order) (incarcerated litigant's case was dismissed after he was afforded additional time to serve defendant but failed to provide the USMS with "the requisite information . . . to locate [defendant].").

Plaintiff was ordered to provide a proper service address for defendant by January 17, 2020. ECF No. 14. To date, plaintiff has not responded to the Court's Order. The Court cannot investigate the whereabouts of a defendant. Plaintiff was warned that if he failed to provide an address where defendant could be properly served, this failure would result in dismissal of his action. Id.; Pena v. Broadway Meat Market, No. 16 CV 2840 (PKC)(LB), Electronic Order dated Dec. 30, 2016 (E.D.N.Y. Dec. 30, 2016) (dismissing *pro se* plaintiff's action for failure to serve defendant). In

---

[1] The Clerk of Court is directed to send plaintiff the attached copies of the unreported cases cited herein.

light of plaintiff's failure to provide a service address for defendant, it is respectfully recommended that this action should be dismissed. The Clerk of Court is respectfully directed to mail a copy of this Report to plaintiff.

### FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections shall be filed with the Clerk of the Court.  Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

                                                          /S/

Dated: April 29, 2020                                        LOIS BLOOM
       Brooklyn, New York                       United States Magistrate Judge